**Marty O'Shea FRANKLIN, Petitioner-Appellant,**

v.

**James ROSE, Warden of Tennessee State Penitentiary, and State of Tennessee, Respondents-Appellees.**

No. 84–5313.

United States Court of Appeals, Sixth Circuit.

Argued May 8, 1985.

Decided June 21, 1985.

Marty O'Shea Franklin, pro se.

William Farmer, Federal Public Defender, Robert L. Tucker (argued), Nashville, Tenn., for petitioner-appellant.

William M. Leech, Atty. Gen. of Tennessee, Jerry L. Smith (argued), Nashville, Tenn., for respondents-appellees.

Before JONES and KRUPANSKY, Circuit Judges, and EDWARDS, Senior Circuit Judge.

PER CURIAM.

Petitioner Marty O'Shea Franklin appeals from the district court's summary dismissal of his habeas petition, filed pursuant to 28 U.S.C. § 2254. Franklin seeks remand to the district court rather than issuance of a writ. Upon consideration of the record, we agree that remand is appropriate.

On August 26, 1983, Franklin filed his pro se petition for habeas corpus. He used the printed form petition provided by the district court for persons in state custody. The district court's form listed the ten most frequently raised grounds for habeas relief. The form also instructed him regarding his responsibility to raise all available grounds of relief relating to the contested conviction, and his responsibility to allege supporting facts. The form provided space in which to raise four grounds of relief and to state briefly supporting facts. It also

informed him that he could attach pages stating additional grounds and facts.

Franklin filled in each of the four available spaces for grounds of relief by selecting, and restating word for word, four of the grounds of relief listed in the form. Beneath each stated ground of relief he typed, "SEE ATTACHED STATEMENT OF THE FACTS." After his fourth ground of relief he added, "Also issues attached." Franklin attached the seventeen-page statement of facts from his brief on appeal to the Tennessee Criminal Court of Appeals. In addition to a general review of the facts of the crime, the attached pages set forth facts supporting other, clearly labeled legal issues. Several of these issues corresponded with grounds for relief stated in the body of Franklin's petition but several raised grounds of relief that had not been stated on the form itself. Accompanying this petition, and filed on the same date, was Franklin's motion for appointment of counsel. He identified two of the four issues that he had stated on the form petition and added that he "also has approximately fourteen (14) other issues" which he needed the assistance of an attorney to properly frame and argue.

On the same day that Franklin filed his petition and motion, the district court dismissed the petition for failure to demonstrate exhaustion of state remedies. Franklin filed a timely motion to reconsider in which he contended that he had exhausted his state remedies on "the sixteen grounds raised in the instant petition." The district court responded by vacating its previous order of dismissal and allowing Franklin to demonstrate that he had in fact exhausted his remedies. A footnote in this order stated that "[t]he motion speaks as if some 16 grounds for relief were raised in the petition. In actuality, the petition contends only four grounds." Franklin responded with a motion which first declared that he did not possess the documentation necessary to demonstrate exhaustion, and then contended that the court had overlooked contentions which he litigated in the state courts and raised in his habeas corpus petition. He requested that the district court reexamine his petition.

Thereafter, the district court ordered the state to file the documents necessary for the court to determine whether Franklin had exhausted his state remedies. On the basis of this information, the district court first determined that Franklin had exhausted state remedies on the four grounds that it recognized and then dismissed his petition. Federal review of three issues was barred by procedural default in state court under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the district court found. The fourth issue involved a state court finding of fact, to which the district court deferred.

Franklin filed a timely motion for reconsideration in which he stated "[t]hat issues considered by this Honorable Court are not inclusive of all issues petitioner wished to raise in his petition." Franklin then stated eight well-expressed issues on which he sought relief. It appears that he was able to express clearly these issues because for the first time he had the assistance of a jailhouse lawyer, whose affidavit was attached to the motion. Two days later the district court denied Franklin's motion for reconsideration with the declaration that the "Petitioner may not use his *pro se* status as a refuge to justify his failure to follow clear procedural requirements of the law."

Franklin contends that the district court refused to consider all of the grounds of habeas relief that he raised. Under 28 U.S.C. § 2254, Rule 2(c), a petition for writ of habeas corpus "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge." The printed form petition that Franklin completed informed him of this requirement.

It is equally well settled that "however inartfully pleaded," allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 562

(1972). The allegations of a pro se habeas petition, "though vague and conclusory, are entitled to a liberal construction." *Burris v. United States*, 430 F.2d 399, 403 (7th Cir.1970), *cert. denied*, 401 U.S. 921, 91 S.Ct. 909, 27 L.Ed.2d 824 (1971). The appropriate liberal construction requires active interpretation in some cases to construe a pro se petition "to encompass any allegation stating federal relief." *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir.1976).

■ In the present case, the district court in effect held that the factual statements in the seventeen pages included in Franklin's initial petition did not express "allegations." This position loses its force, however, in light of Franklin's reference to "issues attached" and his motion for appointment of counsel that accompanied the petition. The motion referred to the existence of approximately sixteen grounds for relief. Thus, although the district court may not have known precisely the content of Franklin's additional allegations, it did know from the time his petition was received that Franklin intended to raise additional issues. The district court also knew the facts on which they were based. Even Franklin's undeveloped allegations satisfied the requirement of *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 1630 n. 7, 52 L.Ed.2d 136 (1977), that a habeas petition must "state facts that point to a 'real possibility of constitutional error.' "

■ The district court's initial denial of Franklin's petition refused to grant him the liberal treatment he was due. The district court not only found that Franklin failed to demonstrate that he had exhausted state remedies, but also refused to accept that he had raised more than the four boilerplate contentions expressed on the form petition. Upon reconsideration the district court ordered Franklin to demonstrate that he had exhausted state remedies. This order did not address Franklin's renewed contention, in his motion for reconsideration, that he had raised more than four issues. The district court easily could have, and should have, ordered Franklin also to articulate clearly the additional issues he claimed to have raised in his original petition. Its failure to do so reflects an improperly closed mind toward Franklin's pro se petition.

■ After the district court found that Franklin had exhausted his state remedies, and again denied his petition, Franklin filed a second motion for reconsideration. Aided for the first time by a "jailhouse lawyer," Franklin clearly expressed eight issues that he contended were ripe for review. The district court treated Franklin's motion as a second habeas petition that raised new issues and denied reconsideration. In light of the district court's failure to construe liberally Franklin's original petition and the accompanying motion, this ruling was erroneous.

■ Franklin also contends that the district court abused its discretion by refusing to appoint counsel. Appointment of counsel was not required in "the interests of justice or due process," *Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir.1983), for proper evaluation of the four grounds of relief that the district court considered. On remand, however, the district court should evaluate and expressly determine whether Franklin's additional claims, that it finds to have been exhausted, are "totally spurious" or whether "he should be given the opportunity to present them with the aid of competent counsel." *Deloney v. Estelle*, 679 F.2d 372, 373 (5th Cir.1982).

For the foregoing reasons, the district court's judgment is AFFIRMED in its denial of the writ of habeas corpus on the four grounds it addressed. The petition is REMANDED for consideration of grounds of relief expressed in Franklin's second motion for reconsideration that are not included within the issues previously determined.