844 F.2d 790
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ray Letcher WILLIAMS, Petitioner-Appellant,
v.
Michael DUTTON, Warden, et al., Respondents-Appellees.
 No. 87-5926.
 United States Court of Appeals, Sixth Circuit.
 April 8, 1988.
 
 Before MILBURN and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Tennessee prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. Sec. 2254, as an impermissible successive petition. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner was convicted of first degree murder and sentenced to life imprisonment. After exhausting state court remedies, he filed a petition for a writ of habeas corpus. He alleged as trial error the suppression of exculpatory evidence, ineffective assistance of counsel, the trial court's failure to prepare or provide the jury with a written copy of the charge, and the failure to provide petitioner with a copy of the transcript. The district court denied the petition; the judgment was affirmed on appeal. Williams v. Rose, 793 F.2d 1294 (6th Cir.), cert. denied, 107 S.Ct. 209 (1986).
 
 
 3
 Petitioner filed a second petition which is the subject of this appeal. He challenged the sufficiency of the evidence and the admission of certain physical and testimonial evidence. He also requested appointment of counsel. Respondent filed a motion to dismiss the second petition pursuant to Rule 9(b), Rules Governing Section 2254 Cases, as an impermissible successive petition.
 
 
 4
 The district court determined that petitioner had not presented his claims in his first petition and that he failed to show the withholding of the claims was not an abuse of the writ. The second petition was dismissed. On appeal, petitioner argues that the district court erred by failing to appoint counsel and that he was misled by an inmate lawyer who advised him to bring the insufficiency claim in a separate petition.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing the petition as an impermissible successive petition. See Leroy v. Marshall, 757 F.2d 94 (6th Cir.), cert. denied, 474 U.S. 831 (1985). Additionally, the district court did not abuse its discretion in refusing petitioner's request for appointment of counsel. Petitioner is not entitled to appointed counsel to assist in preparing a federal habeas petition. See Franklin v. Rose, 765 F.2d 82 (6th Cir.1985). Finally, the argument concerning poor advice from an inmate lawyer is simply not persuasive.
 
 
 6
 Accordingly, the district court's judgment, filed July 17, 1987, dismissing the petition as an impermissible successive petition, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.