861 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos ALEMAN, Petitioner-Appellant,
v.
Ben BOWERS, Supt., Respondent-Appellee.
 No. 88-3580.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1988.
 
 Before MERRITT, BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This pro se petitioner appeals a judgment of the district court which dismissed his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. He now moves for the appointment of counsel. Upon review of the record and petitioner's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner, Carlos Aleman, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the District Court for the Northern District of Ohio. In support of his claim for that relief, he maintained that both his conviction in 1974 for various drug trafficking offenses in violation of Ohio Rev.Code Ann. Sec. 3719.20 (repealed 1975) and his subsequent imprisonment were invalid in that: 1) the acts which he had committed were not actually crimes as defined by the above statute; and 2) his prison sentence of 35 to 70 years violated eighth amendment prohibitions against cruel and unusual punishment. Moreover, while not specifically identified as a possible ground for habeas relief, allegations appeared in the petition which suggested that petitioner believed that he had not received effective assistance of counsel on direct appeal. In particular, petitioner asserted that he had not been informed of the filing of an appeal on his behalf immediately after his conviction and that he therefore had not had the opportunity to participate meaningfully in that proceeding.
 
 
 3
 Rather than addressing the merits of those arguments, the district court, without allowing service upon respondent, determined that the petition should be dismissed as frivolous under 28 U.S.C. Sec. 1915(d). As the basis of that conclusion, the district court observed that petitioner had maintained only a direct appeal and a motion for leave to take a delayed appeal with the Ohio Court of Appeals and had never sought review of his convictions by the Ohio Supreme Court. Accordingly, the district court entered a judgment in favor of respondent and petitioner subsequently filed this appeal.
 
 
 4
 A district court may properly dismiss a petition for habeas relief only if it, assuming the truth of the allegations appearing therein, can conclude that petitioner could prove no set of facts which would entitle him to relief. Franklin v. Rose, 765 F.2d 82, 84-85 (6th Cir.1985) (per curiam); cf. Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). Upon examination of the record, this court is unable to determine that that standard has been satisfied in this case. In particular, it is uncertain whether petitioner still has available to him a mechanism, either in the form of a motion for delayed appeal or some proceeding for post-conviction relief, by which he might bring his challenges to his convictions before the Ohio Supreme Court. Moreover, it is equally unclear whether petitioner should be required to resort to those procedures even if they remain available as such efforts may be futile. See Granberry v. Greer, --- U.S. ----, 107 S.Ct. 1671 (1987); Keener v. Ridenour, 594 F.2d 581 (6th Cir.1979). As a result of these significant considerations regarding the question of exhaustion, the court concludes that the district court erred in dismissing the petition for a writ of habeas corpus for reason of frivolity.
 
 
 5
 Accordingly, the motion for appointment of counsel is hereby denied and the district court's final judgment is hereby vacated and remanded for further proceedings consistent with Rule 9(b)(6), Rules of the Sixth Circuit.