877 F.2d 59
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Steven FITZ, Petitioner-Appellant,
v.
Mary Sue TERRY, Ellis B. Wright, Warden, Respondents-Appellees.
 No. 88-7328.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1989.
Decided May 26, 1989.
 
 Michael Steven Fitz, appellant pro se.
 Mary Katherine Spong, Office of the Attorney General of Virginia, for appellees.
 Before DONALD RUSSELL, WIDENER, and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Fitz, a Virginia inmate, appeals the order of the magistrate[1] dismissing his 28 U.S.C. Sec. 2254 petition on the basis of procedural default. See Wainwright v. Sykes, 433 U.S. 72 (1977). We find that the magistrate overlooked claims attached to the standardized form filed by Fitz and remand.
 
 
 2
 * Fitz filed his Sec. 2254 petition on the standardized form required by Rule 28(B) of the Local Rules of the Eastern District of Virginia. Fitz also attached over 40 pages of additional material to this petition. On the standardized form, Fitz raised two issues: One, the identification of Fitz as the culprit was obtained by impermissibly suggestive police procedures; and two, a handgun was improperly admitted into evidence.[2] Fitz made no notation on the form indicating that other claims were being raised. The papers attached to the form included an "assignment of errors" which incorporated the two issues on the form and added the following four other issues: ineffective assistance of counsel, improper limitation on cross-examination, an illegal arrest, and insufficient evidence of robbery.[3]
 
 
 3
 The state filed a motion to dismiss and in the accompanying memorandum characterized Fitz's petition as raising only the two issues on the form. The basis of the state's motion was that Fitz was in procedural default and not entitled to federal review under Wainwright. Fitz filed a response and attributed his procedural default to his lawyer, noting "[t]hat is why I am bringing the allegation of Denial of Effective Assistance of Counsel." The magistrate considered only the two issues in the form, ruled that Fitz was in procedural default, and dismissed the petition.
 
 II
 
 4
 This case concerns the scope of the obligation on a court in interpreting pro se petitions. This is a problem that has vexed courts in the past and will continue to pose difficulties as long as untrained laymen file pro se petitions. We are guided by familiar principles. Initially, pro se petitions are to be given a liberal construction. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). We have applied this principle in civil rights cases, see Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978), and in habeas petitions. See Craig v. Garrison, 549 F.2d 306 (4th Cir.1977). Likewise, other courts have applied the general rule with a variety of similar formulations. See, e.g., Brown v. Lockhart, 781 F.2d 654, 657 (8th Cir.1986) (pro se petitions "deserve to be read with indulgence"); Franklin v. Rose, 765 F.2d 82 (6th Cir.1985) (even vague and conclusory allegations are accorded a liberal interpretation); Golden v. Newsome, 755 F.2d 1478, 1480 n. 4 (11th Cir.1985) ("habeas corpus petitions drawn by the inexpert hand of laymen in confinement are not scrutinized as closely for compliance with formal standards as are those drawn by practicing attorneys"); Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir.1983) (courts should review pro se petitions with a "lenient eye"). This general principle often requires a searching examination of the petition. As the Sixth Circuit noted in Franklin:
 
 
 5
 The appropriate liberal construction requires active interpretation in some cases to construe a pro se petition "to encompass any allegation stating federal relief."
 
 
 6
 765 F.2d at 85. However, there are limits on the duty of a court in this regard. We have made it clear that a district court need not construct claims from obscure references in a pro se petition. See Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir.1985), cert. denied, 475 U.S. 1088 (1986). Thus, there must be more than a "fleeting reference" to properly present an issue. Id. at 1278.
 
 
 7
 Under the above principles we conclude that Fitz is entitled to review of all six of his claims. We deem the large number of pages attached to the standardized form and Fitz's specific reference to the other claims in his response to the state's motion to dismiss as more than an obscure reference. Utilizing an "active interpretation" and a "liberal construction," we consider these factors to be indicative of the breadth of Fitz's claims and sufficient to present the issues for review by the court. See Beaudett, supra; Franklin, supra.
 
 
 8
 We are sympathetic to the magistrate's plight in this case. We note that Fitz did not indicate that he was raising any other issues on the standardized form. Certainly such a notation would help a court digest the often voluminous documents filed with pro se petitions.[4] Nonetheless, we are constrained by applicable principles and the filings in this case. Accordingly, we grant a certificate of probable cause to appeal and remand for consideration of all six claims raised in Fitz's petition.[5]
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented on the record before this Court and oral argument would not aid the decisional process.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 [1]
 The parties consented to the jurisdiction of the magistrate. See 28 U.S.C. Sec. 636(c)
 
 
 [2]
 Fitz was convicted of robbery and use of a handgun in the commission of a felony
 
 
 [3]
 These issues were all raised in Fitz's state habeas petition and thus have been exhausted
 
 
 [4]
 In cases where the petition is not clear, the court may order the petitioner to particularize his complaint
 
 
 [5]
 The magistrate's ruling on the two issues on the form also must be reconsidered because the material not considered by the magistrate addresses whether there is "cause" for Fitz's procedural defaults, based on ineffective assistance of counsel. We express no opinion on the merits of these issues