891 F.2d 292
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Humberto ANGARITA-GARZON, Defendant-Appellant.
 No. 88-1567.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Luis Angarita-Garzon filed his Rule 35 motion seeking to have the sentences imposed following his jury conviction on seven counts of drug related offenses changed to run concurrently rather than consecutively. The convictions were for both substantive drug offenses and conspiracy offenses. Angarita-Garzon argued that the imposition of consecutive sentences for substantive offense convictions and conspiracy convictions arising out of the same fact pattern violates the double jeopardy clause.
 
 
 3
 Following the denial of his motion, Angarita-Garzon appeals and now asserts entirely new issues. Before this court, he contends that the district court erred in denying his pretrial and post-trial motions for severance of his jury trial. Angarita-Garzon's trial involved three English-speaking defendants and five Spanish-speaking defendants, all of whom required a translator. He contends that the verdict shows that the Spanish-speaking defendants were prejudiced by the failure to sever their trial from that of the English-speaking defendants.
 
 
 4
 Upon review, we shall affirm the district court's judgment because Angarita-Garzon has raised issues on appeal which are not properly before this court.
 
 
 5
 Initially, it is noted that if Angarita-Garzon's pleading in the district court were treated as a Rule 35 motion, this court would lack jurisdiction over the appeal since the notice of appeal was filed more than 10 days after the denial of the pleading. See United States v. Willis, 804 F.2d 961, 962 (6th Cir.1986).
 
 
 6
 However, after reviewing Angarita-Garzon's motion and brief on appeal, we are convinced that his Rule 35 motion is more properly construed as a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255, see Franklin v. Rose, 765 F.2d 82, 83-4 (6th Cir.1985), which renders timely Angarita-Garzon's notice of appeal.
 
 
 7
 Unfortunately for Angarita-Garzon, however, even a liberal interpretation of his pleading does not change the fact that he has raised entirely new issues before this court, which will not be addressed for the first time on appeal. See Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988).
 
 
 8
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.