Abel Acosta, Clerk
Supreme Court Bldng
201 W. 14th St. Rm 106
P.O. Box 12308
Austin, Tx 78711-2308

78.478-01

Febuary 1, 2015

Dear Mr. Acosta,

I, Juan Munoz, T.D.C.J. No. 1467005, am housed here in the Dolph Briscoe Unit, in Dilley, Tx, and am humbly requesting that this document be filed, copied, and sent to Hon. Judge Lawrence E. Meyers, Hon Judge Presiding.

I thank you in advance for your cooperation and assistance in my most important matter.

Respectfully Submitted,

Pro Se- Juan Munoz
T.D.C.J. No. 1467005
Dolph Briscoe Unit
1459 W. Hwy 85
Dilley, Tx 78017
Frio County

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 06 2015

Abel Acosta, Clerk



Febuary 1, 2015

HON. lawrence E. Meyers

RE: QUESTION OF LAW/DISCRETIONAL AUTHORITY

DEAR Hon. Judge Meyers,

UNDER ART.11.05 T.C.C.P.,ANY JUDGE OF THE COURT OF CRIMINAL APPEALS HAS THE POWER TO ISSUE THE WRIT OF HABEAS CORPUS;AS UNDER ART.11.07 §5,THE COURT OF CRIMINAL APPEALS "MAY DIRECT THAT THE CAUSE BE CHECKED AND HEARD AS THOUGH CRIMINALLY PRESENTED TO SAID COURT OR AS AN APPEAL".

YOUR HONOR HOLDS EXCLUSIVE DISCRETIONARY AUTHORITY TO REVIEW MATTERS RELATIVE TO VIOLATIONS OF CONSTITUTIONAL DUE PROCESS. IN EFFECT,ART.11.04 STATES THAT "EVERY PROVISION RELATING TO THE WRIT OF HABEAS CORPUS SHALL BE MOST FAVORABLY CONSTRUED IN ORDER TO GIVE EFFECT TO THE REMEDY,AND PROTECT THE RIGHTS OF THE PERSON SEEKING RELIEF UNDER IT". WITH THIS SAID, I RESPECTFULLY IMPLORE YOUR DISCRETIONAL AUTHORITY TO REVIEW,AND INTERVINE AS APPROPRIATE TO THE FOLLOWING: (QUOTING RULE 79.2(a) A MOTION FOR REHEARING AN ORDER THAT DENIES HABEAS CORPUS RELIEF UNDER CODE OF CRIMINAL PROCEDURE,ART. 11.07 OR 11.071,MAY NOT BE FILED. THE COURT ON ITS OWN INITIATIVE RECONSIDER THE CASE.-AMENDED JULY 12,2011,EFF.SEPT.11,2011-T.R.A.P.)

A WRIT OF HABEAS CORPUS UNDER ART.11.07 WAS FILED ON SEPT.18, 2012(WRIT NO.WR-78,478-01). THE COURT OF CRIMINAL APPEALS DENIED WITHOUT WRITTEN ORDER ON OCT.24,2012,AND A PETITION FOR RECONSIDERA- TION WAS SUBSEQUENTLY FILED ON NOV.15,2012 BUT WAS NOT ENTERTAINED BY THIS COURT.

THE GROUNDS WITHIN SAID WRIT ENTAILED,ONE:INEFFECTIVE ASSISATAN- CE OF COUNSEL; AND TWO:A VIOLATION OF APPLICABLE RULE OF LAW-21.9 TEXAS RULES OF COURT/RULES OF APPELLATE PROCEDURE.

ALTHOUGH THE STATE EXCERCISED THEIR RIGHT TO DENY THE APPLICA- TION UNDER THE AUTHORITY OF ART.11.07 §3(b),NO EXPLANATION OR REASON WAS GIVEN TO REJECT EITHER GROUND AS MERITLESS. THE APPLICANT SOUGHT TO EXCERCISE RIGHT TO A REMEDY OF LAW. ENTITTLED BY THE CONSTITUTIO- NAL RIGHT TO DUE PROCESS,BUT THE REMEDY SOUGHT WITHIN THE 11.07 APP- LICATION WAS MISTAKENLY OVERLOOKED. NO EXPLANATION RELATIVE TO THE RECOMENDATION OF THE STATE TO DENY EACH GROUND WAS GIVEN. ALTHOUGH APPLICANTS GROUND OF A VIOLATION TO RULE 21.9 HAD MERIT AS CONCURRED

(1)

BY THE UNITED STAES DISTRICT COURT FO THE WESTERN DISTRICT(SEE
ATTACHMENT A.) THE COURT OF CRIMINAL APPEALS FURTHER DENIED THE
WRIT AND BASICALLY AFFIRMED THE TRIAL COURTS NEGLECT TO ADDRESS A
A VALID CLAIM.

IT IS WITH THIS SUSTENANCE THAT THE APPLICANT RESPECTFULLY
REQUESTS THAT YOUR HONOR TAKE APPRPRIATE DISCRETIONARY AUTHORITY
TO REVIEW WRIT. APPLICANT SEEKS TO EXHAUST HIS RIGHTFUL REMEDY OF
LAW AND SEEK RELIEF FOR A VIOLATION AGAINST HIS RIGHT OF DUE PROC-
ESS. ALL IS WANTED IS THAT THE STATE ANSWER MY WRIT, AND GIVE SUPPO-
RTING REASONS TO THEIR DENIED OF MY GROUNDS SO THAT I MAY SEEK REL-
IEF IN A HIGHER COURT. IN A PROPER EXAMINATION OF MY GROUNDS THIS
HONORABLE COURT SHALL DETERMINE THAT THE TRIAL COURT ABUSED ITS DIS-
CRETION IN DECLARING A MISTRIAL AS TO ITS ENTIRETY,WHEREAREAS,UNDER
RULE 21.9 ADOPTED BY THIS HONORABLE COURT,RESENTENCING WAS THE APP-
ROPRIATE RECOURSE AT LAW. APPLICANT PRAYS THAT YOUR HONOR CONSIDER
THIS REQUEST.

RESPECTFULLY SUBMITTED,

JUAN MUNOZ
TDCJ#1467005
DOLPH BRISCOE UNIT
1459 WEST HWY.85
DILLEY,TEXAS 78017

(2)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUAN MUNOZ, | § | |
| TDCJ # 1467005, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-13-CV-15-PRM |
| | § | |
| BRAD LIVINGSTON, | § | |
| Executive Director, Texas Department of | § | |
| Criminal Justice, | § | |
| Respondent. | § | |

## ORDER FOR RESPONDENT TO ANSWER

In a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner Juan Munoz ("Petitioner") challenges his convictions for three counts of aggravated sexual assault by a jury in an El Paso County state court.[1] Mindful of Petitioner's *pro se* status,[2] the Court understands him to assert that (1) the trial court erred when it declared a mistrial during the punishment phase of the trial and ordered a re-trial of the entire case, and (2) his appellate counsel provided constitutionally ineffective assistance when he failed to raise the trial court's error in declaring a mistrial during the punishment phase and ordering a re-trial of the entire case.

Upon review, the Court concludes that summary dismissal of the petition is not appropriate. Accordingly, the Court enters the following orders and advisories:

1. **Service on Respondent:** The Court **ORDERS** the Clerk of this Court to serve a copy of the petition and this order upon counsel for Respondent, the Texas Attorney General. All documents shall be sent to the attention of the Chief, Postconviction Litigation Division.

---

[1] *State v. Munoz*, Cause Number 20060D04737 (210th Dist. Ct., El Paso Cnty. Tex., Sept. 25, 2007), *aff'd*, No. 08-07-00304-CR, 2010 WL 546676 (Tex. App.—El Paso, Feb. 17, 2010, pet. dism'd).

[2] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining that liberal construction allows for active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

ATTACHMENT (A)