NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0197n.06

Case No. 14-2555

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Apr 04, 2017

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DAVID MACLLOYD, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| UNITED STATES OF AMERICA, | ) | MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: BOGGS, GILMAN, and DONALD, Circuit Judges

**BERNICE BOUIE DONALD, Circuit Judge.** This case presents a dispute over the proper standard for deciding to forego an evidentiary hearing on a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence. The statute requires the district court to "grant a prompt hearing" on the motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Defendant David MacLloyd argues that the district court abused its discretion when it improperly denied his motion without granting him an evidentiary hearing because it applied the incorrect standard to his case. The district court held that the defendant failed to show deficient performance and prejudice as required for a finding of ineffective assistance of counsel. For the reasons that follow, we **REVERSE** the district court's decision and **REMAND** the case for further proceedings.

I.

On May 22, 2008, a federal grand jury returned an indictment charging Defendant David MacLloyd and his brother, Clifford MacLloyd, among other co-defendants, with one count of conspiracy to distribute and to possess with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (R. 1, ID 1-2). At this time, MacLloyd retained two attorneys to represent him, Nicholas Kazmerski and Thomas Loeb, with Loeb serving as lead counsel. (R. 5, ID 26; R. 40, ID 72; R. 184, ID 885-86). MacLloyd agreed to pay Loeb's $30,000 retainer in installments. (R. 267, ID 2547). In the months following the indictment, MacLloyd and his counsel attended a reverse proffer meeting with the U.S. Attorney's Office and the DEA, during which the government offered MacLloyd a twelve-year plea bargain. (R. 252, ID 2469). MacLloyd did not entertain the plea at that time. (*Id.*) Also during this time period, the court agreed to adjourn the plea cut-off date on multiple occasions while the parties continued plea negotiations. (R. 181, ID 853-59; R. 182, ID 864). At some point, the government provided Loeb with a formal written plea offer, under which the government would have recommended a sentence of approximately 11 to 14 years of imprisonment in exchange for MacLloyd pleading guilty and cooperating with the government. Ultimately, the district court set January 13, 2009 as the final date for the parties to reach a plea agreement, and it scheduled a hearing for that date.

As Loeb and MacLloyd walked into the courtroom on the day of the January 13th hearing, Loeb mentioned to MacLloyd that "there are talks of a plea for 11-14 years." (R. 252, ID 2469). Shortly thereafter, the hearing began. MacLloyd claims that Loeb's comment on the morning of the hearing was the first time that MacLloyd heard of this particular plea offer. During the hearing, Loeb informed the court that the parties had not reached an agreement on a

plea and that MacLloyd would like to exercise his right to a trial. (R. 183, ID 871). At this point, the district court asked MacLloyd a series of questions regarding his understanding of the specifics of the plea he was turning down. (*Id.* at 872-73). The district court asked whether Loeb had reviewed the agreement with MacLloyd and whether he had an opportunity to discuss the agreement with Loeb. (*Id.*) After consulting with his attorney, MacLloyd answered each of these questions in the affirmative. (*Id.*) In the same hearing, MacLloyd's brother also indicated that he intended to go to trial, but only because the government's plea was contingent on both brothers entering a guilty plea and MacLloyd had made clear that he would be pleading not guilty. (*Id.* at 874).

After the hearing, Loeb allegedly told MacLloyd that Loeb's secretary would set up a time for Loeb to go over the plea with MacLloyd. (R. 267, ID 2547). However, when Loeb did contact MacLloyd days later, it was not to discuss the plea agreement, but rather MacLloyd's payment of the $15,000 unpaid balance on Loeb's retainer. (*Id.*) Loeb stated that he would not perform any further work on MacLloyd's case, including discussing the plea agreement, until payment was made. (*Id.*) A few weeks after this exchange, Loeb withdrew as MacLloyd's counsel, citing a break-down in the attorney-client relationship. (R. 58, ID 192-95).

A little more than two weeks after the January 13th hearing, on January 29, 2009, a grand jury returned a superseding indictment charging MacLloyd with additional counts of conspiracy to distribute and to possess with intent to distribute, aiding and abetting another in the possession with intent to distribute, using a communications facility to commit conspiracy, and maintaining a "drug-involved premises." (R. 54, ID 166-75). On November 19, 2009, the grand jury returned a materially identical second superseding indictment. (R. 117, ID 387-97). MacLloyd pled not guilty, and, on August 26, 2010, was convicted on all counts. (R. 143, ID 549-51).

After the trial, MacLloyd's trial counsel withdrew and the court appointed a new attorney, Margaret Raben, for sentencing. MacLloyd alleges that, while conferring with Raben, he discovered for the first time that the government had made a formal written plea offer of 11 to 14 years, which was the subject of the January 13, 2009 hearing. On February 6, 2012, the district court sentenced MacLloyd to a total term of 360 months' imprisonment.

MacLloyd filed a timely *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, presenting nineteen claims for consideration, one of which was ineffective assistance of counsel for not properly communicating plea deals. (R. 252, ID 2475). In the motion, MacLloyd claimed that his "attorneys were all given plea deals which were never shown to . . . or properly communicated to [him]." (*Id.*) He further claims that each of the pleas had cooperation with the government attached to them, which would have persuaded him to take the deal. (*Id.*) The government opposed MacLloyd's motion. On November 20, 2014, the district court denied MacLloyd's motion in full without a hearing. While finding that MacLloyd "fail[ed] to identify exactly which acts or omissions were outside the wide range of professionally competent assistance with regard to each of the issues asserted," the district court did not discuss the factual allegations offered by MacLloyd in relation to the January 13, 2009 hearing. (R. 268, ID 2556). The district court also determined that MacLloyd "failed to show the prejudice required for a finding of ineffective assistance of counsel." (*Id.*) This court granted a certificate of appealability on the issue of "whether the district court should have held an evidentiary hearing on MacLloyd's claim that he was denied the effective assistance of counsel because Loeb did not fully advise him of a favorable plea offer." (Dkt. No. 5-2, at 4).

## II.

### a) Standard of Review

This court has held that "[a] decision not to hold an evidentiary hearing on a motion for relief under 28 U.S.C. § 2255 is reviewed for abuse of discretion." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (citing *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). "A court abuses its discretion when it 'relies on clearly erroneous findings of fact, improperly applies the law, or employs an erroneous legal standard,' or when we are 'firmly convinced' that the trial court 'committed a clear error of judgment.'" *United States v. Kilpatrick*, 798 F.3d 365, 378 (6th Cir. 2015) (quoting *United States v. Miner*, 774 F.3d 336, 348 (6th Cir. 2014)). "The allegations of a pro se habeas petition . . . are entitled to a liberal construction," which may "require[] active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (citations and internal quotation marks omitted).

### b) The District Court Applied an Erroneous Evidentiary Hearing Standard

28 U.S.C. § 2255(b) requires that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). In general, a district court judge "may rely on his or her recollections of the trial" in denying a § 2255 petition. *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). However, the Supreme Court has reiterated that the provision of a hearing can be crucial to the function of § 2255 and that a hearing should be granted unless the motion can be "conclusively determined either by the motion itself or by the 'files and records' in the trial court." *Machibroda v. United States*, 368 U.S. 487, 494 (1962). The *Machibroda*

Court determined that the district court could neither rely on the files and records of the trial court nor the personal knowledge or recollection of the district judge where the factual allegations at issue "relate[] primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light." *Id*. at 494-95.

In line with the Supreme Court's reasoning in *Machibroda*, we have held that a district court may only forego a hearing where "the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arrendondo*, 178 F.3d at 782 (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Valentine*, 488 F.3d at 333. This Court has further determined that "[t]he burden on the petitioner in a *habeas* case for establishing an entitlement to an evidentiary hearing is relatively light." *Valentine*, 488 F.3d at 333 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). Although "[t]he statute does not require a full blown evidentiary hearing in every instance[,] . . . where there is a factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (internal citations and quotation marks omitted).

In denying MacLloyd's ineffective assistance of counsel claims, the district court considered collectively, rather than individually, MacLloyd's complaints against four of the five attorneys who represented him throughout the proceedings against him. The district court concluded that "Defendant fails to identify exactly which acts or omissions were outside the wide range of professionally competent assistance with regard to each of the issues asserted," and that "he has likewise failed to show the prejudice required for a finding of ineffective assistance of counsel." (R. 268, ID 2555-56). The district court offered no reasoning to support

a finding that, regarding MacLloyd's claims involving Loeb, the record conclusively shows that MacLloyd is not entitled to relief, nor did the district court expressly make that finding. The district court offered no discussion of the allegations offered by MacLloyd and made no mention whatsoever of the standard for foregoing an evidentiary hearing nor of the case law interpreting this standard.

The district court relied on this court's rejection of ineffective assistance claims "that rest upon conclusory, unsupported allegations of counsel's deficient performance." (R. 268, ID 2555). This, however, would be a proper inquiry for the district court to make after an evidentiary hearing, having considered not only the pleading and the affidavits, but the whole of the testimony. *Machibroda*, 368 U.S. at 495. In determining whether to forego an evidentiary hearing, the district court must determine that the motion, files, and records of the case "conclusively show" that the petitioner is entitled to no relief. The district court did not make this determination in denying MacLloyd an evidentiary hearing. As such, the district court abused its discretion by employing an erroneous legal standard.

c) **Application of Appropriate Standard**

In applying the proper standard for denying an evidentiary hearing for MacLloyd's ineffective assistance claims, we must consider whether the record "conclusively shows" that MacLloyd is entitled to no relief for his claims of ineffective assistance of counsel. To effectively make an ineffective assistance claim, MacLloyd must show that Loeb provided deficient performance and that MacLloyd was prejudiced by the deficient performance. *Huff*, 734 F.3d at 606; *see also Strickland v. Washington*, 466 U.S. 668, 694 (1984) (establishing the two-prong test for ineffective assistance of counsel claims). Considering the precedent of this court, the record in MacLloyd's case does not conclusively show that his claim of deficient

performance lacks merit. Nor does the record conclusively show that the deficient performance did not prejudice his defense.

### 1) Deficient Performance

Reading the first prong of the *Strickland* test in accordance with the § 2255(b) evidentiary hearing standard, the question is whether the record in MacLloyd's case conclusively shows that MacLloyd is not entitled to relief on the grounds that his counsel, Mr. Loeb, rendered a deficient performance. It does not.

The Supreme Court has held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). Further, the *Frye* Court continued that where "defense counsel allow[s] the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." *Id.* It is not enough that an attorney made the petitioner aware of the offer. Rather, the attorney must review the charges with the defendant, including a discussion of the elements necessary for the conviction, the evidence that may support those elements, and the sentencing exposure that the defendant faces. *Smith*, 348 F.3d at 552-53. "The failure of defense counsel to provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance." *Id.* at 553 (citations and quotation marks omitted).

MacLloyd alleges that Loeb provided ineffective assistance of counsel by not fully informing him of the written plea agreement offered by the government prior to the January 13, 2009 hearing. (R. 252, ID 2475). He claims that Loeb informed him moments before the hearing that "there [we]re talks of a plea for 11-14 years," with no further specifics. (*Id.* at 2469). In support of this claim, MacLloyd offered his own testimony that he was unaware that

there was a written formal plea offer, as well as corroborating evidence, particularly his surprise when his brother's attorney accosted MacLloyd about turning down the plea. He also provides a potential motive for Loeb's action, the alleged non-payment of Mr. Loeb's retainer. By contrast, the government's argument that the record forecloses the need for an evidentiary hearing relies primarily on MacLloyd's testimony during the January 9, 2013 hearing that he understood the plea and had discussed the plea with his attorneys. The government points out that the district court may rely on recollections from the trial and the sentencing phase when reaching the decision to forego a hearing. The government further argues that MacLloyd only mentioned the payment issue between him and Loeb in the addendum filed eleven months after the motion to vacate was initially filed, and only stated that he relied on Loeb during the January 13, 2009 hearing for the first time on appeal.

An evidentiary hearing is required where the defendant "offers more than a mere assertion of his innocence," but rather "presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible.'" *Valentine*, 488 F.3d at 334 (citation omitted). MacLloyd has presented a factual narrative, including corroboration and motive, that rises above the level of mere assertions. However, MacLloyd's statements at the January 13, 2009 hearing that he had discussed the plea offer with counsel contradict MacLloyd's narrative on appeal that he had not discussed the offer with his counsel. In spite of this apparent contradiction, precedent favors granting MacLloyd a hearing, as this court has a history of granting hearings in spite of a defendant's statements on the record that he was aware of and rejected a plea offer.

In *Smith*, this court determined that, although the record clearly established that the defendant was aware of the plea offer, a hearing was still necessary in order to determine

whether the defendant's attorney had fully informed the defendant of the nature of the plea agreement. 348 F.3d at 552-53. Further, the Supreme Court has held that, when considering whether an evidentiary hearing is appropriate, "the barrier of the plea or sentencing proceeding record, although imposing, is not invariably insurmountable." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *Baker v. United States*, the case cited by the government, is not persuasive. In *Baker*, this court rejected a defendant's attempt to vacate his guilty plea on the grounds that the prosecutor broke previously undisclosed promises offered in exchange for a plea. 781 F.2d 85, 92 (6th Cir. 1986). In that case, the defendant knowingly pled guilty after receiving advice from counsel, a point he did not contest in his appeal. *Id*. Further, the defendant acknowledged that he was fully aware of the government's promise, as was his attorney, at the time that he stated before the court that there had been no additional promises. MacLloyd's petition is more closely aligned with *Smith* than it is with *Baker* because Mr. MacLloyd asserts that he was unaware of the contours of the plea offer at the time he rejected it.

In addition, the factual narrative put forward by MacLloyd "relate[s] primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light." *Machibroda*, 368 U.S. at 494-95. MacLloyd points to conversations, or the lack thereof, between Loeb and himself, which would not be reflected in the record before the court. Nor can we say that the district judge was able to "completely resolve [these questions] by drawing upon his own personal knowledge or recollection" of the proceedings. *Id*. at 495. The district court did not provide its reasoning for denying a hearing, and this court has previously declined to assume what the district court's unstated recollections would be under similar circumstances. *Christopher v. United States*, 605 F. App'x 533, 538 (6th Cir. 2015).

Finally, the burden for receiving an evidentiary hearing under § 2255 is light. This court has previously found that burden to be met relying only on the record and the defendant's declaration supporting his claim. *Id.*; *see also Pola v. United States*, 778 F.3d 525, 535 (6th Cir. 2015) (requiring a hearing based on the record and defendant's affidavit); *Smith*, 348 F.3d at 551, 554 (requiring a hearing based on the record and defendant's "self-serving testimony" that he would have pled guilty had he been fully informed by his attorney). The fact that the petitioner's allegations may be "improbable" is insufficient to forego a hearing. *Machibroda*, 368 U.S. at 495. Indeed, the petitioner's "claim may prove false at the evidentiary hearing, but [where] it is impossible to assess [the] veracity based on th[e] record alone, [t]he purpose of the hearing . . . is to allow the court to make these factual determinations based on more than a defendant's affidavit and the contrary representations of the government." *Valentine*, 488 F.3d at 334. Considering the precedent in favor of granting a hearing, MacLloyd's specific allegations, and the light burden necessary to receive an evidentiary hearing, the claim put forward by MacLloyd regarding his counsel's deficient performance satisfies his obligations and entitles him to "an opportunity to support them by evidence." *Machibroda*, 368 U.S. at 495 (quoting *Walkter v. Johnson*, 312 U.S. 275, 287 (1941)).

2) Prejudice

Under *Strickland*, we must also determine whether the record conclusively shows that counsel's deficient performance could not have prejudiced MacLloyd's defense. In circumstances where "[h]aving to stand trial, not choosing to waive it, is the prejudice alleged," a defendant must show that, but for the deficient performance of counsel, there is a reasonable probability: (1) "that the plea offer would have been presented to the court"; (2) "that the court would have accepted its terms"; and (3) "that the conviction or sentence, or both, under

the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper,* 132 S. Ct. 1376, 1385 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In showing that the plea would have been presented to the court, the defendant must show that he "would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances." *Id.* In this circuit, defendant's statements alone are sufficient to support a finding that he would have accepted the offer. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003) (citation omitted). However, "[t]he failure to hold an evidentiary hearing would be of no import if the alleged defective performance were inconsequential." *Huff*, 734 F.3d at 608.

MacLloyd asserts, and the government does not contest, that the only question is whether MacLloyd would have accepted the plea offer if he had been properly advised of it by counsel. In support of his argument that he was prejudiced by his counsel's deficient performance, MacLloyd asserts that he "would have definitely taken the plea bargain," especially given the fact that it included the prospect of cooperation that could have reduced his sentence even further. (Dkt. No. 5-2 (quoting R. 252, ID 2475)). He also claims that the disparity between the 11-14 years offer and the potential life sentence he was facing, as well as the 30 years he ultimately received, establishes prejudice. Finally, he argues that the overwhelming evidence against him, coupled with the fact that he never actually claimed factual innocence, suggests that he was prejudiced by his counsel's actions.

The government does not challenge the disparity between the offered plea agreement and MacLloyd's potential or actual sentence. Nor does the government challenge that the weight of the evidence against MacLloyd made a plea agreement the more pragmatic decision. Rather, the

government contends that, as shown in the record, the prosecution offered, and MacLloyd rejected, numerous offers during the lead up to trial. The government argues that this record of rejection contradicts Mr. MacLloyd's assertion that he would have accepted the plea offer that expired on January 13, 2009. However, the government has not provided evidence in the record establishing that any later plea offers extended to MacLloyd were substantially similar to the plea offer that expired on January 13, 2009. Specifically, the record does not make clear the sentences offered in the later plea agreements. Nor does it specify whether cooperation was offered with any of the agreements after the one extended on January 13, 2009. Without sufficient evidence in the record describing these offers, we can neither determine that MacLloyd's narrative is "contradicted by the record" nor that it is "inherently incredible." *Valentine*, 488 F.3d at 334.

Further, as discussed in the previous section, the burden for receiving an evidentiary hearing under § 2255 is light, and may be met by relying only on the record and the defendant's declaration supporting his claim that he would have accepted the offer. MacLloyd provides more support for this claim by pointing to the "disparity in sentences [offered and received]" and the strength of the evidence presented against him. *Griffin*, 330 F.3d at 738-39. Based on the evidence provided, we cannot say that the record conclusively shows that MacLloyd was not prejudiced by his counsel's deficient performance.

### III.

Because MacLloyd has made the requisite showing to entitle him to a hearing on the grounds that his counsel rendered deficient performance and that he was prejudiced by the deficient performance, an evidentiary hearing is required by 28 U.S.C. § 2255. Based on the

foregoing analysis, we **REVERSE** the district court's dismissal and **REMAND** this case for an

evidentiary hearing in accordance with this decision.